**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOSE PEREZ MARTINEZ,               )
                                   )
        Petitioner/Defendant,      )
                                   )
                                   )
v.                                 )        Case No. 01-10083-01-WEB
                                   )                05-3404-WEB
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent/Plaintiff.      )

MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner Jose Perez Martinez for a sentence reduction. (Doc. 26). A review of the record reflects that petitioner pleaded guilty on July 15, 2002 to Count 1 of the indictment, which charges a violation of Title 8, U.S.C. § 1326(a) and (b), re-entry after deportation following conviction for an aggravated felony. (Doc. 19). Judgment was entered for Petitioner to serve 77 months imprisonment on October 3, 2002. (Doc. 24).

In his motion, Petitioner states that because he is to be eventually deported, the Eden Detention Center in Texas will not allow him to enroll in the 500 hour residential drug treatment program, serve the last 10 percent of his sentence at a halfway house or participate in other unspecified community programs. See 18 U.S.C. § 3624(c). He argues that his sentence should be reduced to account for his denied access to these programs. Petitioner argues that the Court can apply a downward departure of the guidelines to remedy the disparity in punishment between deportable aliens and others that are eligible for Eden's

-1-

programs.

A habeas corpus petition is the correct remedy when federal prisoner attacks length of confinement on the basis of something that happened after he was convicted and sentenced. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  Petitioner does not allege any error at or prior to sentencing; rather, he argues that the execution of his sentence as a deportable alien justifies a reduction in sentence.  The Court construes this motion as a habeas corpus petition under 28 U.S.C. § 2241. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) (Habeas petition attacks the execution of the sentence); *see Lyle v. Sivley*, 805 F. Supp. 755 (D. Ariz. 1992) (petition challenging denial of benefits under section 3624(c) addressed as a habeas motion under section 2241).  As such, it must be brought before the federal district court where Petitioner is confined.  Petitioner is confined in Texas; therefore, this Court is without jurisdiction to consider this motion. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for a reduction of sentence (Doc. 26) be converted to a motion under 28 U.S.C. § 2241 and be DISMISSED;

SO ORDERED this 22nd  day of February, 2006.


 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge